UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAUL G. CANTU, | ) |
| | ) No. CV-08-00372-JPH |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) (Ct. Rec. 20) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on August 14, 2009. (Ct. Rec. 17, 20). Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security ("Commissioner"). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) On July 5, 8009, plaintiff filed a reply. (Ct. Rec. 22.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 20) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 17).

### JURISDICTION

Plaintiff protectively filed an application for disability insurance benefits (DIB) on May 21, 2003, alleging neck spurs, emphysema, diabetes, arthritis, high blood pressure, and back

problems as of May 15, 2000[1].  (Tr. 50-52,68,87.)  The application was denied initially and on reconsideration. (Tr. 31-33, 36-37.) At a hearing before Administrative Law Judge (ALJ), Paul Gaughen on May 17, 2006, plaintiff, represented by counsel, and vocational expert Tom Moreland testified.  (Tr. 429-462.)  On September 20, 2006, the ALJ issued an unfavorable decision.  (Tr. 20-25.)  The Appeals Council denied plaintiff's request for review on March 12, 2007.  (Tr. 4-6.)  Plaintiff appealed their decision. On January 28, 2008, the district Court remanded for further proceedings. (Tr. 545-559.)

The ALJ held a second hearing on August 29, 2008. Plaintiff, represented by counsel, and vocational expert Deborah Lapointe testified. (Tr. 623-640.)  On September 18, 2008, the ALJ issued a second decision finding plaintiff not disabled. (Tr. 476-483.)  In the second decision the ALJ adopted and incorporated by reference his summary of the medical evidence from the prior decision, except to the extent it conflicted with the later findings. (Tr. 479.)  When the Appeals Council denied review on November 12, 2008, the ALJ's decision became the final decision of the Commissioner, appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on December 2, 2008. (Ct. Rec. 1,

---

[1]

The ALJ mistakenly cites onset as June 15, 2000 (Tr.  476), but in light of the record as a whole the error is harmless.  An error is harmless when the correction of that error would not alter the result. *See Johnson v. Shahala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995). Further, an ALJ's  decision will not be reversed for errors that are harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (*citing Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991).

1  4.)

2  **STATEMENT OF FACTS**

3      The facts have been presented in the administrative hearing

4  transcripts, the ALJ's decisions, the briefs of both Plaintiff and

5  the Commissioner, and are summarized here.

6      Plaintiff was 53 and 59 years old at onset and the first

7  hearing, respectively. (Tr. 50, 435.) He has an eighth grade

8  education. (Tr. 74, 436.)  Plaintiff has worked as a manual

9  laborer and truck driver. (Tr. 69,79.) At the first hearing,

10  plaintiff testified he is limited in turning his neck and it is

11  painful during winter, his lower back is stiff and painful, and he

12  gets headaches every three days lasting about seven minutes. (Tr.

13  439-441.) Both of his shoulders have been painful since 1988; both

14  elbows have been very painful for 6-8 years. (Tr. 441-443.)

15  Plaintiff has problems with numbness and grip with both hands. His

16  breathing problems surfaced "in the early 80's." (Tr. 443-445.) He

17  has problems sleeping and his knees "crack and snap." (Tr. 445-

18  448.) Plaintiff can sit for 25-30 minutes, stand without leaning

19  15 minutes, walk one block and lift 10-15 pounds. (Tr. 448-450.)

20      At the second hearing, plaintiff testified he can walk one

21  block every two or three days and sit for 30 minutes. (Tr. 629,

22  631.) He gets a severe headache lasting up to a minute every three

23  to four days. (Tr. 630.) Plaintiff experiences throbbing pain in

24  his neck "every now and then;" back pain and spasms; both

25  shoulders and hands are "numb sometimes"; and, since the prior

26  hearing, his breathing has worsened causing him to get about four

27  hours of sleep nightly. (Tr. 629-633.) He vacuums, washes dishes,

28  and cleans, all with rest periods.  (Tr. 634.) Plaintiff worked

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 3 -

for five months as a long haul truck driver from August through December of 2005, and has not worked since because there is "too much dust around that agricultural area." (Tr. 634.) He later testified that he worked 3-4 weeks in the winter of 2006. (Tr. 636-637.) Plaintiff last smoked when he was a teenager. (Tr. 630.)

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 4 -

1  of impairments.   20 C.F.R. §§ 404.1520(a)(4)(ii),
2  416.920(a)(4)(ii).
3      If plaintiff does not have a severe impairment or combination
4  of impairments, the disability claim is denied.  If the impairment
5  is severe, the evaluation proceeds to the third step, which
6  compares plaintiff's impairment with a number of listed
7  impairments acknowledged by the Commissioner to be so severe as to
8  preclude substantial gainful activity.  20 C.F.R. §§
9  404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P
10 App. 1.  If the impairment meets or equals one of the listed
11 impairments, plaintiff is conclusively presumed to be disabled.
12 If the impairment is not one conclusively presumed to be
13 disabling, the evaluation proceeds to the fourth step, which
14 determines whether the impairment prevents plaintiff from
15 performing work which was performed in the past.  If a plaintiff
16 is able to perform previous work, that Plaintiff is deemed not
17 disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At
18 this step, plaintiff's residual functional capacity ("RFC")
19 assessment is considered. If plaintiff cannot perform this work,
20 the fifth and final step in the process determines whether
21 plaintiff is able to perform other work in the national economy in
22 view of plaintiff's residual functional capacity, age, education
23 and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),
24 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).
25     The initial burden of proof rests upon plaintiff to establish
26 a *prima facie* case of entitlement to disability benefits.
27 *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.*
28 *Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 5 -

met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work.  The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance.  *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).

On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At the outset, the ALJ found plaintiff met the DIB requirements through December 31, 2005. (Tr. 478.) At step one he found plaintiff engaged in substantial gainful activity from August 24, 2005 to December 23, 2005, and possibly at other times during the period of June 15, 2000, through the last insured date, December 31, 2005. (Tr. 478.) The ALJ elected to continue the analysis.  At steps two and three, he found plaintiff suffers from chronic obstructive pulmonary disease (COPD), diabetes mellitus,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 7 -

musculoskeletal impairment and hypertension, impairments that are severe but which do not alone or in combination meet or medically equal a Listing impairment. (Tr. 478-479.) The ALJ found plaintiff less than completely credible. (Tr. 481.) At step four, relying on the VE, the ALJ found plaintiff's RFC for a nearly full range of medium work (limited only by avoiding concentrated exposure to fumes and other irritants), enables him to perform his past relevant work as a truck driver. (Tr. 483.)  Because the ALJ found plaintiff could perform past relevant work, he found plaintiff not disabled at step four. (Tr. 483.)  Accordingly, the ALJ found that plaintiff is not disabled as defined by the Social Security Act. (Tr. 483.)

### ISSUES

Plaintiff contends that the Commissioner erred as a matter of law by failing to properly assess his credibility.  (Ct. Rec. 18 at 13-19.)  The Commissioner responds that the ALJ appropriately weighed the evidence asks the Court to affirm his decision.  (Ct. Rec. 21 at 2.)

### DISCUSSION

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908.  The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.  Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 8 -

1  alleged severity of symptoms.  *Bunnell v. Sullivan*, 947, F. 2d

2  341, 345 (9th Cr. 1991).

3      It is the province of the ALJ to make credibility

4  determinations.  *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir.

5  1995).  However, the ALJ's findings must be supported by specific

6  cogent reasons.  *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th

7  Cir. 1990).  Once the claimant produces medical evidence of an

8  underlying medical impairment, the ALJ may not discredit testimony

9  as to the severity of an impairment because it is unsupported by

10  medical evidence.  *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir.

11  1998).  Absent affirmative evidence of malingering, the ALJ's

12  reasons for rejecting the claimant's testimony must be "clear and

13  convincing."  *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995).

14  "General findings are insufficient: rather the ALJ must identify

15  what testimony not credible and what evidence undermines the

16  claimant's complaints."  *Lester*, 81 F. 3d at 834; *Dodrill v.*

17  *Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

18      Applying the higher standard, the ALJ's reasons for finding

19  plaintiff less than credible are clear and convincing[2].

20      Plaintiff contends that the ALJ failed to properly assess his

21  credibility. (Ct. Rec. 18 at 13-19.)  The ALJ stated:

22      There are many inconsistencies between the claimant's
        statements and the objective medical evidence that
23      undermine the claimant's credibility. The claimant
        testified that he stopped working in May 2000, but
24      the record indicates otherwise. The claimant worked at

25  _____

26      2
        It is debatable whether the lower standard applies, since a
27  review of the record reveals arguably affirmative evidence of
    malingering and that plaintiff worked at substantial gainful
28  activity levels during the alleged period of disability.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 9 -

substantial gainful activity levels from August 2005
through December 2005, earning $10,395 in 5 months.
Although the claimant argues that this was an
unsuccessful work attempt because he stopped working because
he couldn't do the work, the record indicates
that he stopped working when the harvest was done, not
due to his impairments. Exhibit 13F/52. The record also
indicates that the claimant did not stop working in May
2000, but continued to work throughout the period prior
to December 2005. The record shows that in May 2001, the
claimant was working as a trucker and in transient [sic]
through Arizona. Exhibit 1F. In June 2002, the claimant
was in Arizona. Exhibit 7F/92. In July 2003, the claimant
was noted to be a long haul truck driver and had been
hospitalized in Virginia in February 2003. Exhibit 5 F/2.
He was in Virginia again in April 2003. Exhibit 7F/86.
In October 2003, the claimant was again in Arizona.
Exhibit 7F/95. In February 2005, the claimant was in
Illinois. Exhibit 13F/31. In March 2005, it was noted
that the claimant had been in Arizona and Mexico, and
he worked for Washington State Migrant Country. Exhibit
11F/6. The claimant was in Arizona again in April and
June 2005. Exhibits 13F/33 and 46.

This activity is inconsistent with the claimant's allegations
that he could not and did not work during
that period.  Moreover, **the record shows that the
claimant's neck impairment, diabetes, lung injury and
asthma all existed prior to the date that he alleges his
disability began and he was able to engage in substantial
gainful activity in spite of them.** The medical evidence
does not show there was a worsening of his condition
prior to December 2005. **Thus the [ALJ] may reasonably
conclude that these impairments are not disabling and
do not prevent the claimant from working.** The claimant
alleged he couldn't drive a truck anymore because his neck hurt and he had trouble tu

rninghishead,butin

> September 2005, the claimant was examined by Catherine Dinglasan, M.D., and the claimant did not mention neck pain. Exhibit 13F/47. In fact, there's very little mention of neck pain in any of the claimant's medical records. In addition, the claimant was able to pass a Department of Transportation physical in 2005. It is also noted that in October 2003, the claimant stated that he could walk 30 minutes, stand 2 hours, sit 8 hours, and lift 30 pounds[3], but a few months later he claimed he could only walk 10-15 minutes, stand 15-20 minutes, and lift 10 pounds. Exhibits 6E and 8E. There is no medical explanation for this rapid decline in his condition, which causes the [ALJ] to question the claimant's credibility.

(Tr. 481-482)(emphasis added).

The ALJ relied on several factors when he assessed credibility: inconsistent statements, activities inconsistent with the degree of impairment alleged, including the ability to work, and medical evidence inconsistent with the severity of the complaints.

_____

[3]   Plaintiff's assertions of more robust capabilities (Exhibit 8E at Tr. 108-112) is undated but the ALJ assigns it "October 2003." The other exhibit the ALJ refers to (6E at Tr. 94-98) is dated February 6, 2004. Based on the Court's review of the record, the approximate date assigned by the ALJ appears circumstantially based, reasonable, and in any event harmless since the evidence does not support plaintiff's claimed dire impairments.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                           - 11 -

The ALJ observes several treating and examining physicians indicate three of plaintiff's conditions are well controlled with medication: hypertension, diabetes, and, after plaintiff quit smoking[4] and used inhalers, COPD. (Tr. 482).

The ALJ opines plaintiff's ability to work indicates adequate functioning overall and diminishes his credibility. (Tr. 481.) This opinion is fully supported by plaintiff's ability to work at SGA levels for 4 months in 2005 prior to his date last insured. At the second hearing plaintiff described the work as long haul driving of "heavy diesel trucks, 18-wheelers." In addition to driving, plaintiff loaded and unloaded, chained and unchained, put on and removed tarps, and used a small jack to shift the weight, insuring the load was level on all axles. He had no assistance in his work. (Tr. 627-628.)

At the second hearing plaintiff testified he worked 3-4 weeks in the winter of 2006 backing up trucks for seven to eight hours a day. (Tr. 635-637.) The season ended. Plaintiff stated he could not do another harvest. (Tr. 637.) Although the more recent work post-dates plaintiff's last insured date (December 31, 2005), it supports the ALJ's credibility assessment.

The ALJ observes two of many occasions plaintiff's complaints are not supported by the objective medical evidence: (1) plaintiff passed a DOT examination in 2005 for his CDL, and (2) though he

---
[4]

Plaintiff testified at the second hearing that he had not smoked since he was a teen (Tr. 630). Medical records indicate otherwise. *See e.g.*, (1) on May 22, 2001, the medical plan is to stop smoking (Tr. 123); (2) "smokes 1-2 sticks a day" and has no difficulty breathing (November 11, 2001 at Tr. 278); and (3) "continues to smoke and not ready to quit;" no complaints of shortness of breath (January 2, 2002 at Tr. 279).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 12 -

reported markedly worse symptoms over a short period of time, no medical evidence supports his claim of a worsened condition. (Tr. 481.)

Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989).  It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400.  The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review.  42 U.S.C. § 405 (g).

The ALJ's assessment of plaintiff's credibility is supported by the record and free of legal error.

### CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and

1   supported by substantial evidence..

2       **IT IS ORDERED:**

3       1. Defendant's Motion for Summary Judgment **(Ct. Rec. 20)** is

4   **GRANTED.**

5       2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17)** is

6   **DENIED.**

7       The District Court Executive is directed to file this Order,

8   provide copies to counsel for Plaintiff and Defendant, enter

9   judgment in favor of Defendant, and **CLOSE** this file.

10      DATED this 3rd day of September, 2009.

11                              s/ James P. Hutton
                              JAMES P. HUTTON
12                  UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28